IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Jose V. Huerta (2022-1014018), | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 24 C 3452 |
| | ) ) | Hon. Elaine E. Bucklo |
| Thomas Dart, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. If Plaintiff wishes to proceed further with this lawsuit, he must: (1) submit a renewed *in forma pauperis* application in accordance with this order; or (2) pay the full $405 filing fee. Plaintiff is given until <u>July 22</u>, 2024, to comply with this order. Failure to do so will result in summary dismissal of this lawsuit. Plaintiff is advised that he has a continuing obligation to keep the Court apprised of his current address, and failure to do so will result in dismissal of this lawsuit for failure to comply with a Court order and for want of prosecution. The Clerk is instructed to send Plaintiff a blank application to proceed *in forma pauperis* and a copy of this order. The Court defers its initial review of Plaintiff's complaint [1] and motion for attorney representation [4] until Plaintiff resolves his fee status.

## STATEMENT

Plaintiff Jose V. Huerta, a detainee at the Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he slipped and fell on a "puddle of water" on November 24, 2023. Plaintiff's application to proceed *in forma pauperis* (IFP) is before the Court.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate is unable to prepay the fee, he may seek leave to proceed IFP to pay the fee over time through monthly trust fund account deductions. A prisoner seeking leave to proceed IFP must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's application is incomplete.

Initially, Plaintiff has not provided complete/sufficient responses to all of the questions in the application. Specifically, Plaintiff has left blank question no. 2 (asking about his income in the past year). (*See* Dkt. 3 at pg. 1.) Additionally, he has left blank question no. 6 (asking about his debts and financial obligations). (*Id.* at pg. 2.)

Next, Plaintiff has not included trust fund information for the six month period preceding the filing of the lawsuit (October 29, 2023, to April 29, 2024). Instead, Plaintiff has included trust fund information showing transactions from October 30, 2023, to December 6, 2023. (*See id.* at pgs. 4-5.)

Accordingly, Plaintiff's application to proceed IFP is denied without prejudice because it is incomplete. If Plaintiff wishes to proceed further with this lawsuit, he must submit a complete renewed IFP application in accordance with this order. Any renewed application must include trust fund information for the full six month look-back period (October 29, 2023, to April 29, 2024). If Plaintiff was incarcerated at more than one facility during this time, he must provide trust fund information from each facility.

Alternatively, he may pre-pay the $405 filing fee.

When submitting any further application, Plaintiff should be aware that, by signing an IFP application, he declares under penalty of perjury that the information provided about his finances is true and correct. The Court makes this observation given the fact that Plaintiff reports no income in the past year. However, his trust fund statement (which covers *only* about two months of transaction information) shows the receipt of payroll deposits, settlement funds, and deposits from outside individuals. (*See id.* at pgs. 4-5.) Consequently, Plaintiff should ensure that his answers to questions on any renewed application are complete, truthful, and accurate or risk dismissal of this action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(A); *Lofton v. SP Plus Corp.*, 578 F.App'x 603, 604 (7th Cir. 2014) (collecting cases upholding dismissals with prejudice for plaintiffs' failures to disclose assets on *in forma pauperis* application).

The Clerk will provide Plaintiff with a blank IFP application. Failure to comply with this order by the date set forth above will result in summary dismissal of this lawsuit.

Date: May 29, 2024 /s/ Hon. Elaine E. Bucklo
United States District Judge